IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM ANDREW ALLEN, | § | |
| TDCJ-CID NO.1637192, | § | |
| Plaintiff, | § | |
| v. | § | CIVIL ACTION NO. H-11-3121 |
| | § | |
| RICK THALER, *et al.* | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER ON DISMISSAL

Plaintiff, a state inmate proceeding *pro se* and *in forma pauperis*, has filed a civil rights action under 42 U.S.C. § 1983 and a more definite statement of his claims. (Docket Entries No.1, No.9). Plaintiff alleges that defendants have engaged in cruel and unusual punishment in violation of the Fourth, Fifth, Eighth, and Fourteenth Amendments by awakening him once, twice, or three times a night for bed book count, roster count, or to see if he is alive. (Docket Entry No.1). Plaintiff seeks injunctive relief to stop the harassment during sleep hours. He also seeks compensatory and punitive damages, and the restoration of his class line status, which was reduced for violations of the disciplinary rules.

CLAIMS

Plaintiff claims that on March 26, 2011, Officer Smyth awakened him from a deep sleep, causing him to have heart palpitations and anxiety. (Docket Entries No.1, page 4; No.1-1, page 1). Because plaintiff argued with Smyth and refused to state his name and identification number, Smyth charged plaintiff with a disciplinary violation for failing to obey an order. (Docket

Entries No.1, page 4; No.1-1, page 12). After a disciplinary hearing, plaintiff was found guilty of the offense by Lt. Garza, who restricted plaintiff's commissary and cell privileges for ten days as punishment. (Id.). Plaintiff appealed his conviction in disciplinary number 20110207252 on grounds that Officer Smyth's order was not legitimate because under the Ruiz stipulations, employees were not to awaken prisoners after 10:00 p.m.[1] (Id., page 3). Assistant Warden J. Werner denied the grievance. (Id., page 4). C. Lawson denied his Step 2 grievance. (Id., page 7).

Hours after he was first awakened by Officer Smyth on March 26, 2011, plaintiff was awakened by Officer Jacks at 2:36 a.m. (Docket Entry No.1, page 4). Plaintiff argued with Jacks about his name and identification number for roster count, thus creating a significant disruption of operations. (Docket Entry No.1-1, page 5). Jacks charged plaintiff with a disciplinary violation and after a hearing plaintiff was found guilty of the offense; plaintiff's punishment was assessed at forty-five days cell, commissary, and recreation restriction, and a reduction in class line status. (Id.). Plaintiff challenged disciplinary conviction number 20110207254 on grounds that awakening him twice a night, *i.e.*, once at 11:00 p.m. and once at 2:00 a.m. was a ruse to harass and constituted cruel and unusual punishment. (Id., page 9). He

---

1 Plaintiff complained in the same grievance that Sergeants Butler, Holland, and Lopez, and Lieutenants Bridges, Garza, and Choates encouraged guards to shine a flashlight in prisoner's eyes; he acknowledged that most guards ask inmates to display their identification cards in the bars at the foot of their beds to avoid waking the inmate. (Docket Entry No.1-1, page 3).

argued that there was no administrative directive for a 2:00 a.m. bed book count and an 11:00 p.m. roster count. (Id.). Plaintiff claimed that he was having a heart attack by the deprivation of sleep. (Id.). Assistant Warden Gaston denied his grievance. C. Lawson denied his Step 2 Grievance. (Id., page 11).

Plaintiff complains on another occasion Officer Sommers awakened him up by banging his hand on the bottom of plaintiff's bed and that Sommers enjoys irritating inmates on a constant basis. (Docket Entry No.1, page 3). Plaintiff claims that on another occasion Officers Sommers and John Meador banged on his bunk; he further claims that all officers rattle the bars. (Docket Entry No.9, page 4). Plaintiff claims that such acts are condoned and encouraged by all listed defendants. (Docket Entry No.1-1, page 1).

Plaintiff seeks relief from the wardens of the Ellis Unit and the regional directors of TDCJ-CID because of the manner in which they have responded to his grievances. (Docket Entry No.1, page 3). He also seeks relief from Ashley Wyany, Lt. Bridges, Disciplinary Hearing Officer Lt. Garza, Lt. Choate, Sgt. Holland, and Sgt. Butler but does not state any factual allegations against them. (Docket Entries No.1, page 3; No.9, page 1). Although plaintiff alleges that there is no rule or administrative directive, court ruling, or policy authorizing guards to awaken inmates (Docket Entry No.9, page 1), he seeks relief from TDCJ-CID Director Rick Thaler as the policy maker with liability for the

alleged cruel and unusual treatment. (Docket Entry No.1, page 3).

Plaintiff claims in his more definite statement that he has suffered heart palpitations and anxiety that made him susceptible to disciplinary write ups and fights due to harassment through sleep loss. (Docket Entry No.9, page 2). He indicates that he has received medical treatment for a heart attack and that he takes medication to control his heart rate due to anxiety and stress, and that he has been instructed not to get excited. (Id.). He has not, however, responded fully to a query regarding when he suffered such heart attack, who made such diagnosis, and the medical care he received for the same. When questioned about the harm he suffered, plaintiff lists parole set offs, anxiety and emotional distress, sleep walking heart attacks, high blood pressure and ongoing medical problems. (Id., page 3).

DISCUSSION

Because plaintiff is a prisoner who proceeds *in forma pauperis*, the district court may scrutinize the basis of his complaint, and, if appropriate, dismiss the case at any time without service of process if the court determines that the complaint is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 42 U.S.C. 28 U.S.C. § 1915(e)(2)(B). In conducting that analysis, a prisoner's *pro se* pleading is reviewed under a less stringent standard that those drafted by an attorney and is entitled to a liberal construction

that includes all reasonable inferences, which can be drawn from it. Haines v. Kerner, 404 U.S. 519 (1972).

A complaint may be dismissed as frivolous if it lacks any arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges violation of a legal interest which clearly does not exist." Harris v. Hegmann, 198 F.3d 153, 156 (5th Cir. 1999). A court must not dismiss a complaint for failure to state a claim unless the plaintiff has failed to plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 547 (2007).

Grievances

To the extent that plaintiff complains about unfavorable responses to his grievances by defendants Cheryl Lawson, Wardens Gaston and Werner and any other administrator, such claims are legally frivolous and subject to dismissal. An inmate does not have a constitutional entitlement to an adequate grievance procedure. *See e.g.*, Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (there is no constitutional right to participate in grievance procedures); Antonelli v. Sheahan, 81 F.3d 1422, 1430-31 (7th Cir. 1996) (inmates do not have a constitutional right to an adequate grievance procedure); Flick v. Alba, 932 F.2d 728, 729 (8th Cir. 1991) (per curiam) (inmates do not have a constitutional right to participate in grievance procedures); *see also* Geiger v. Jowers,

404 F.3d 371, 373-74 (5th Cir. 2005) (finding prisoner did not have liberty interest in having grievance resolved to his satisfaction). Accordingly, plaintiff's claims against defendants Lawson, Werner, and Gaston are subject to dismissal.

Conclusory Claims

Plaintiff's claim that administrators Kevin Mayfield, Cheryl Lawson, T. Selman, Michael Upshaw, Wardens Gaston and Werner, Lt. Choate, Lt. Birdges (Bridges), Lt. Garza, and Sgt. Butler failed to train or supervise the officers who awakened plaintiff from his sleep is conclusory and subject to dismissal because such claim is not supported by any specific facts. *See* Whitely v. Hunt, 158 F.3d 882, 889 (5th Cir. 1998). Likewise, his claims against defendants Ashley Wyany, Lt. Holland, and Sgt. Butler are conclusory. Plaintiff states no factual allegations against them. (Docket Entries No.1, page 3; No.9, page 1).

Plaintiff has been given an opportunity to expound on the factual allegations of his complaint by way of a questionnaire. *See* Berry v. Brady, 192 F.3d 504, 507 (5th Cir. 1999) (reaffirming use of questionnaire as useful and proper means for court to develop factual basis of pro se plaintiff's complaint). Because he has failed to allege any cognizable claim for relief against defendants Mayfield, Lawson, Selman, Upshaw, Gaston, Werner, Choate, Birdges (Bridges), Garza, Butler, Wyany, and Holland, his claims against these defendants are subject to dismissal as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B).

## Disciplinary Convictions

To the extent that plaintiff challenges his disciplinary convictions for failure to obey an order and disruptive behavior, he fails to state a cognizable constitutional claim. Prisoners charged with rule infractions are entitled to certain due process rights under the Fourteenth Amendment when disciplinary action may result in a sanction that impinges upon a liberty interest. Hudson v. Johnson, 242 F.3d 534, 535-36 (5th Cir. 2001). In Texas, however, only sanctions that result in the loss of good time credits for inmates who are eligible for release on mandatory supervision or that otherwise directly and adversely affect release on mandatory supervision will impose upon a liberty interest. Malchi v. Thaler, 211 F.3d 953, 957-58 (5th Cir. 2000); Madison v. Parker, 104 F.3d 765, 768 (5th Cir. 1997); Orellana v. Kyle, 65 F.3d 29, 31-33 (5th Cir. 1995). Plaintiff did not lose any good time credit as a result of these disciplinary convictions that would implicate a liberty interest. Moreover, the other changes in plaintiff's confinement, *i.e.*, loss of commissary privileges, cell restriction, and reduction in class line status do not impinge upon a liberty interest and therefore, do not implicate the Due Process Clause. *See* Malchi, 211 F.3d at 959 (right to particular time-earning status); Madison, 104 F.3d at 768 (loss of commissary privileges and cell restriction); Luken v. Scott, 71 F.3d 192, 193 (5th Cir. 1996) (loss of opportunity to earn good time credits). Because none of the disciplinary sanctions imposed in this case

deprive plaintiff of a protected liberty interest, his claims regarding the disciplinary convictions are subject to dismissal.

Respondeat Superior

Under § 1983, an individual may sue state actors to enforce federal statutory and constitutional rights. Anderson v. Jackson, 556 F.3d 351, 356 (5th Cir. 2009). To succeed on a § 1983 claim, an individual must prove that: (1) the conduct in question was committed by an individual acting under the color of state law; and, (2) the conduct deprived the claimant of a constitutional right. Kovacic v. Villarreal, 628 F.3d 209, 213 (5th Cir. 2010). Section 1983 will not support a claim based on *respondeat superior* or vicarious liability. Pierce v. Texas Dept. of Criminal Justice-Institutional Div., 37 F.3d 1146, 1150 (5th Cir. 1994). "Personal involvement is an essential element of a civil rights cause of action." Thompson v. Steele, 709 F.2d 381 (5th Cir. 1983). Each defendant must either actively participate in the acts complained of or implement unconstitutional policies that result in injury. Mouille v. City of Live Oak, Texas, 977 F.2d 924, 929 (5th Cir. 1992).

Supervisory liability may exist pursuant to section 1983 "'without overt personal participation in the offensive act if supervisory officials implement a policy so deficient that the policy itself is a repudiation of constitutional rights and is the moving force of the constitutional violation.'" Cozzo v. Tangipahoa Parish Council--President Government, 279 F.3d 273, 289

(5th Cir. 2002) (quoting Thompkins v. Belt, 828 F.2d 298, 304 (5th Cir. 1987) (internal quotations and citations omitted)). An official policy is:

> 1. A policy statement, ordinance, regulation, or decision that is officially adopted and promulgated by the [government entity] ... or by an official to whom the [entity] ha[s] delegated policy-making authority; or
>
> 2. A persistent, widespread practice of ... officials or employees, which, although not authorized by officially adopted and promulgated policy, is so common and well settled as to constitute a custom that fairly represents [the entity's] policy.

Johnson v. Moore, 958 F.2d 92, 94 (5th Cir. 1992). Plaintiff's pleadings imply that prison officials are acting in accordance with a common and well-settled custom and not an official policy but an exhibit attached to his original complaint reflects otherwise. (Docket Entry No.1-1, pages 13-14). In response to a letter from another inmate regarding the practice of awakening inmates twice a night for a bed and roster count, administrator T. Selman wrote "[B]ed book rosters are indicated within policy and I appreciate you making this office aware that they were being conducted as required." (Id., page 13).

Plaintiff's pleadings, however, do not show that Director Rick Thaler implemented such policy or custom or that he was the moving force behind such policy or custom. Therefore, plaintiff fails to state a cognizable claim against Rick Thaler.

Eighth Amendment

Plaintiff's allegations regarding the conditions of his

confinement are considered pursuant to the Eighth Amendment's prohibition against cruel and unusual punishment. Wilson v. Seiter, 501 U.S. 294, 296-97 (1991). Plaintiff states no facts that would give rise to a claim under the Fourth, Fifth, or Fourteenth Amendments with respect to this claim, except to the extent that the Fourteenth Amendment makes the Eighth Amendment applicable to the states. *See* id. Therefore, plaintiff's claims regarding violations of the Fourth, Fifth, and Fourteenth Amendments are subject to dismissal as frivolous.

The prohibition of cruel and unusual punishment in the Eighth Amendment imposes duties on prison officials to provide to inmates humane conditions of confinement, which include adequate food, clothing, shelter, and medical care and to take reasonable measures to guarantee their safety. Farmer v. Brennan, 511 U.S. 825, 832, (1994). A prisoner may assert an Eighth Amendment claim by presenting facts showing that he has been confined under conditions where it is impossible to obtain sufficient sleep and there is no justification for the disruption. Harper v. Showers, 174 F.3d 716, 720 (5th Cir. 1999) (plaintiff alleged he was housed with inmates suffering psychiatric problems).

Prisoners do not, however, have a constitutional right to comfortable living conditions and only extreme deprivations are sufficient to establish an Eight Amendment violation. Wilson, 501 U.S. at 298. Noise and interruptions are accepted facts of prison life. *See* Sealey v. Giltner, 197 F.3d 578 (2d Cir. 1999) (citing

Sandin v. Conner, 515 U.S. 472 (1995)). The Eighth Amendment only prohibits conditions that serve no function other than to inflict needless pain. Palmer v. Johnson, 193 F.3d 346, 351-52 (5th Cir. 1999).

To the extent that plaintiff complains that the policy of interrupting sleep for bed or roster count is for no other purpose than to harass him, his complaint is without merit. Prison officials have a legitimate penological interest in maintaining security by verifying the identity of each inmate and ensuring he is actually still incarcerated and is in the proper cell before locking inmates in their cells for several hours. *See* Russell v. State, 90 S.W.3d 865, 869 (Tex. App.- San Antonio 2002, pet. ref'd) (prisoner escape case); Green v. Polunsky, 229 F.3d 486, 490 (5th Cir. 2000) (clean-shaven face necessary to identify prisoners and investigate escapes). Constant cell searches and headcounts are necessary to prevent escapes and maintain security, and prisoners must endure such disruptions. *See* Hudson v. Palmer, 486 us 517, 525-26 (1984) (prisoners have no reasonable expectation of privacy). Moreover, the Fifth Circuit has concluded that the practice of bed and roster counts during sleeping hours does not expose inmates to a risk that was so grave that it violates contemporary standards of decency. *See* Nirkirk v. Rodriguez, 129 Fed. App'x, 103 (5th Cir. 2005); Craft v. Johnson, 69 Fed. App'x 657 (5th Cir. 2003).

Plaintiff's chief complaint is about the manner in which some

guards conduct the bed count and roster check. He acknowledges that not all guards awaken him or other inmates to conduct a bed book count or roster count, although he claims that all guards rattle the bars. (Docket Entry No.9, page 1). Specifically, he complains that on one occasion Officer Sommers and Officer Meador banged on his bunk to awaken him. (Docket Entry No.1-1, page 1). When asked for the dates and times each defendant awakened him, plaintiff stated "every night each one works my cell block they not just wake me but bang on my bunk, [and] rattle the door." (Docket Entry No.9, page 1).

To show that prison conditions violate the Eighth Amendment, an inmate must demonstrate the objective component of deprivations so serious as to deprive prisoners of the minimal measure of life's necessities, as well as the subjective component of deliberate indifference by prison officials to his conditions of confinement. Harper v. Showers, 174 F.3d 716, 720-21 (5th Cir. 1999). Deliberate indifference under the Eighth Amendment is "subjective recklessness as used in the criminal law." Farmer, 511 U.S. at 837. "Deliberate indifference is an extremely high standard to meet." Domino v. Texas Dep't of Criminal Justice, 239 F.3d 752, 756 (5th Cir. 2001). Deliberate indifference requires a showing of unnecessary and wanton infliction of pain; McCormick v. Stalder, 105 F.3d 1059, 1061 (5th Cir. 1999); that rising "to the level of egregious intentional conduct." Gobert v. Caldwell, 463 F.3d 339, 351 (5th Cir. 2006). A prison official may not be found liable

under the Eighth Amendment unless the official knows of and disregards an excessive risk to inmate health or safety. Farmer, 511 U.S. at 839-40. The official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must draw the inference. Id. at 837. The "failure to alleviate a significant risk that [the official] should have perceived, but did not" is insufficient to show deliberate indifference. Id. at 838. Under exceptional circumstances, a prison official's knowledge of a substantial risk of harm may be inferred by the obviousness of that risk. Id.

In this case, plaintiff states no facts to show that any of the officers, including Sommers, Meador, Smyth and Jacks, were aware of any facts that would give rise to an inference that plaintiff suffered from heart disease and high blood pressure, that he was on medication for the same, or that he experienced dangerous heart palpitations when awakened by banging on his bed and rattling the bars. Plaintiff states no facts to show that any of the officers disregarded the danger to his health by the manner in which they awakened him for bed and roster count. To the extent that plaintiff complains that the manner of awakening him was malevolent, he fails to state a federal cause of action. *See* Johnson v. Glick, 481 F.2d 1028, 1033 (2nd Cir. 1973) (holding that "[n]ot every push or shove, even if it may later seem unnecessary in the peace of a judge's chambers, violates a prisoner's constitutional rights").

Therefore, to the extent that plaintiff seeks compensatory and punitive damages or declaratory and injunctive relief from defendants, including Sommers, Meador, Smyth, and Jacks, he fails to state a constitutional claim that would give rise to such relief.

## CONCLUSION

Based on the foregoing, the Court enters the following ORDERS:

1. Plaintiff's civil rights complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. § 1915(e)(2)(B).

2. All pending motions, if any, are DENIED.

The Clerk will provide a copy of this Order to plaintiff and to the District Clerk for the Eastern District of Texas, 211 West Ferguson, Tyler, Texas 75702, Attention: Manager of the Three-strikes List.

SIGNED at Houston, Texas, on January 10, 2012.

Ewing Werlein, Jr.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE